UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br><br>   Plaintiff,<br><br>   v.<br><br>THE UNITED STATES DEPARTMENT OF LABOR, et al.,<br><br>   Defendants. | No. 1:20-cv-01690-DAD-JLT<br><br>SUPPLEMENTAL ORDER REGARDING PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. Nos. 37, 38) |

On December 23, 2020, the court granted plaintiffs United Farm Workers and UFW Foundation's (collectively, "plaintiffs") motion for a preliminary injunction. (Doc. No. 37.) Therein, the court prohibited defendants United States Department of Labor ("DOL") and U.S. Secretary of Labor Eugene Scalia (collectively, "defendants") from implementing the final rule published on November 5, 2020, and required defendants to publish 2021 Adverse Effect Wage Rates ("AEWRs") in accordance with the existing regulations. (*Id.* at 39); *see also Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*, 85 Fed. Reg. 70,445 (Nov. 5, 2020). The parties were directed to meet and confer within fourteen (14) days to submit a proposed order that includes deadlines by which defendants will set the 2021 AEWRs in accordance with that order and other legal requirements. (Doc. No. 37 at 39.)

1

On January 6, 2021, the parties submitted a joint status report stating that they met and conferred in accordance with the court's December 23, 2020 order.  (Doc. No. 38 at ¶ 6–7.)  After exchanging proposals and counterproposals, however, the parties failed to reach an agreement.  (*Id.* at ¶ 7.)  Ultimately, the parties agreed to submit separate proposals for the court's consideration.  (*Id.*)  Having reviewed each proposal, the court will adopt defendants' proposal with certain modifications.

Defendants propose publishing the final 2021 AEWRs on or before February 25, 2021, and plaintiffs have agreed to that term of the proposal.  (*Id.* at ¶ 15.)  Additionally, defendants propose eliminating the standard two-week window between publication of the AEWR notice in the Federal Register and the effective date of those AEWRs, a window which typically affords employers time to make necessary preparations.  (*Id.*)  Thus, the 2021 AEWRs will become effective on or before February 25, 2021—the same day that the notice is published.  (*Id.*)  The court cautions defendants that a failure to strictly comply with the dates set forth in this order may result in serious consequences.  *See United Farm Workers v. Perdue*, No. 1:20-cv-01452-DAD-JLT, 2020 WL 6939021, at *2 n.1 (E.D. Cal. Nov. 25, 2020) (acknowledging plaintiffs' suggestion that the court may hold the government in contempt for "intentionally, and without adequate [excuse], def[ying] a court order by" delaying compliance).

Lastly, defendants propose maintaining the 2020 AEWRs during the interim period between December 24, 2020 and publication of the final 2021 AEWRs.  (Doc. No. 38 at ¶ 15.)  The court finds that defendants' proposal is a more straightforward and efficient solution than plaintiffs' proposal that defendants be ordered to issue interim 2021 AEWRs calculated by adjusting the 2020 AEWR for each state or multi-state region by the average year-over-year rate of increase in that state or region over the last five years.  (*See id.* at ¶¶ 9–12, 15–20.)  However, plaintiffs' objection that adoption of defendants' proposal "would 'freez[e] wage rates that are already below the current market rate,' and as such would cause harm to Plaintiffs' members and other farmworkers already earning subsistence incomes" (*id.* at ¶ 9), is potentially well taken.  Accordingly, the court will at this time reserve the issue of whether any award of backpay is warranted based upon the difference between the 2020 AEWRs and the final 2021 AEWRs, if

2

any, until a final ruling on the merits of plaintiffs' claims.  Defendants are directed to provide notice to all H-2A employers who submit job orders and applications for H-2A labor certification between December 21, 2020 and the publication of the final 2021 AEWRs, informing them of the potential backpay claim.  Although defendants assert that the DOL has no authority to require retroactive application of the AEWRs or to require employers to issue backpay under the 2010 regulation, the undersigned notes that district courts have awarded backpay to H-2A workers based upon "the principle of equitable restitution."  *See Frederick Cty. Fruit Growers Ass'n, Inc. v. Martin*, 968 F.2d 1265, 1269–76 (D.C. Cir. 1992) (affirming the district court's award of backpay to H-2A workers after the DOL's regulation, "which permitted the growers to pay the lower piece rate, was subsequently held invalid").  In any event, the court is not resolving the issue of whether backpay is available or appropriate in this action at this time, but instead is merely requiring that employers be now put on notice that the issue is the subject of ongoing litigation.

        Accordingly,

1. Defendants are directed to publish final 2021 AEWRs in the Federal Register on or before February 25, 2021 using the methodology set forth in the DOL's 2010 final rule;

2. Defendants are directed to make effective the 2021 AEWRs upon their publication in the Federal Register;

3. Defendants are directed to notify state workforce agencies, employers, and the public by Monday, January 18, 2021 that the 2020 AEWRs shall remain in effect during the interim period between December 24, 2020 and publication of the final 2021 AEWRs; and

/////
/////
/////
/////
/////

3

4. Defendants are directed to provide notice to all H-2A employers who submit job orders and applications for H-2A labor certification between December 21, 2020 and the publication of the final 2021 AEWRs, informing them of the potential backpay claims of affected H-2A workers which is the subject of ongoing litigation.

IT IS SO ORDERED.

Dated:   **January 12, 2021**                      /s/ Dale A. Drozd
                                        UNITED STATES DISTRICT JUDGE